156073, Todd White v. Richard Bell et al., Arkansas, Tennessee, 1595. Mrs. Brenner, for comments. Good afternoon, Your Honors, and may it please the Court. My name is Jennifer Brenner, and I'm here from the Tennessee Attorney General's Office on behalf of the appellants, Galen Doss and Sean Stewart, and I have reserved three minutes for rebuttal. Thank you. Your Honors, the district court judge in this case abused his discretion in granting the plaintiff a new trial, and essentially treated this as a case of race ipsa. And I say that because in granting the plaintiff's motion for a new trial, he simply said an injury occurred, and likewise, a violation of the Eighth Amendment prohibition on excessive force occurred as well. However, in making that leap from injury to constitutional violation, he neglected to acknowledge that the plaintiff did not meet his burden of proof in two ways, and the first was the plaintiff never pointed to a particular officer who pushed him. And without pointing to a particular officer, the jury was not given the opportunity to make a judgmental state. Isn't it sort of unfair, because these officers were unidentified? I mean, he had no way to know they were behind him. Whoever pushed him was behind him. Your Honor, I would submit— Somebody pushed him. Early in discovery, the plaintiff was given a videotape of the extraction team. And this case is distinguishable from other cases where the court has found that the inability to identify officers was fatal to that plaintiff's claim. But in this case, the plaintiff did know all five extraction team members. And in the beginning of the extraction video, they all lifted their face shields, they identified themselves by name, and they also announced to which limb they would be assigned once they got into the cell. So the plaintiff did have the benefit of knowing who those five extraction team members were. And throughout the course of the first trial, in testimony, those officers testified about their position in the cell. And so the plaintiff— There was something in the record to the effect that one of the purposes of the face shield was actually to hide the identity of the extractors of the officers from the prisoner for fear of subsequent retaliation in the facility. Is that not the case? That is the case, Your Honor. And we know prisons are dangerous places, and for the protection of prisoners and for the officers, they do wear jumpsuits, they wear a protective shield. But in order to protect officers from situations like this, they wear the shield, but they identify themselves on camera. That identification, in effect, was available for this type of litigation, but wasn't available to the prisoner otherwise. But before trial, he was— That's what I mean, but in the litigation. Let me ask you this, because you started out by talking about a failure of proof, but you're not challenging the result of the second trial. You're challenging the granting of the new trial. And so there was not a failure of proof in the sense that a jury, one jury, might not have believed the particular officers, right? Because there were several officers who said, he did it, he did it. So that's enough proof, and the second jury seemed to be willing to believe some of it, and the first jury wasn't. Is that a fair representation? We haven't challenged anything having to do with the second trial. Was the second trial, in your view, in any way significantly different than the first trial? It was significantly different because the plaintiff, after having seen the first verdict in favor of all nine defendants, really changed the entire theory of their case to incorporate a sort of a, at a loss for words, an acting in concert, a conspiracy to violate the plaintiff's constitutional rights. Between just these three, or between the whole gang? They never really specified who the conspiracy involved, but I would submit that that's not an issue here, and that that wasn't ever raised in the first trial. But I'm right, the second trial only involved these three people, whereas the first trial had involved a larger number. It did, and that's where the district court judge abused his discretion. In the first trial, the plaintiff had the burden, as every plaintiff does in pursuing an Eighth Amendment excessive force claim, of showing two things. Who the officer was that pushed him, and then there's the objective and subjective component. In order to satisfy the subjective component, you must point to a particular officer and then give the jury the opportunity to inquire into that officer's mental state. Because in the first trial, the plaintiff never pointed to a particular defendant, the jury wasn't able to make that determination. The jury wasn't able to inquire . . . The jury didn't point to them, but did they not, to some extent, point to each other in the first trial as well as the second? That's correct, Your Honor. So there was testimony to that effect. Now, what happened to . . . is it McCall? Did he settle out before this appeal? He just did not participate in the appeal. I thought there was something . . . I thought I saw something in the record that he was dismissed from the case. Am I wrong? He . . . a judgment was entered against him, and I'm not sure what the status of that is. He didn't participate in this appeal. So as far as you know, that judgment is still valid and unappealed? That's correct. So I would go back to the reason why the judge abused his discretion in usurping the jury's role. Questions about credibility, and you're correct, Your Honor, that officers were pointing to each other. Those are all questions for a jury, not for a judge. That's why I asked about the two trials with respect to at least the crucial part as I . . . here I'm . . . I think I'm looking at the district court below, but that McCall said Doss and Stewart did it. Doss said McCall did it. Stewart and another guy also said McCall did it. Was that testimony pretty much the same in both trials? Generally speaking, it was, Your Honor, but regardless of the conflicting testimony, that is still the jury's role, and the judge abused his discretion in granting the new trial because the plaintiff had not met their burden. They have to meet their burden. It's the jury's role to . . . So is it that he abused his discretion because he shouldn't even have let it go to the jury, or is it that he abused his discretion because there was no basis for overturning the jury? That's correct, Your Honor, and I haven't made myself clear. The plaintiff couldn't satisfy the objective and subjective elements that are required for every Eighth Amendment claim of excessive force. He couldn't do it, but the second jury found that he did. To me, and maybe I'm just wrong, tell me that it's a difference of judgment among a couple of different sets of human beings. The defense cleared the technical hurdle, but then the first jury didn't believe them enough to grant judgment. The second jury did, because if it was really true that he didn't meet his burden, meaning you and I, as a matter of law, say that, it shouldn't have gone to the jury, should it? I don't disagree that it should have gone to the jury. I'm just saying the fact that it did go to the jury evidences the district court judge's abuse of discretion. The first jury didn't believe that he had sufficiently met his burden. That's correct. Not that as a matter of law he didn't meet his burden. He didn't satisfy the objective and subjective elements which are required to meet your burden of proof. In the opinion of the jury. Pardon me, Your Honor? In the opinion of the jury. But it's the jury's role. It's not the judge's role. I'm agreeing with you on that, but normally when a lawyer stands up and says the plaintiff didn't do X and Y, they usually mean as a matter of law. So that's why I'm pushing you on it. But because we went to the jury and the jury reached a reasonable verdict based on the evidence and which comported with the law, the abuse of discretion was the judge usurping that rule and substituting his opinions or his idea of a reasonable verdict for that of the jury. In this case. Well, what do you say, I mean, I'm reading from the district court's opinion. He says the court concludes that the jury's verdict, he's talking about the first jury. Correct. That plaintiff was not subjected to excessive force when plaintiff, while restraining compliant, was pushed into the wall is against the clear weight of the evidence. I mean, isn't that right? I mean, there was excessive force, sounds like to me. Your Honor, we know from the seminal U.S. Supreme Court case of Wilson v. Sider that even objectively serious injuries suffered by prisoners without the requisite mens rea do not comprise constitutional injury. And that's the point I'm not articulating, is that . . . Well, why shouldn't we do what the Ninth Circuit did? I guess there's a case called Dubner v. City and County of San Francisco from 2001 where the Ninth Circuit shifted the burden of production to the defendants in a situation somewhat like this where the plaintiff is at a loss to identify which one did it, but one of them did it. So why not put the burden on the defendants to show that there was not, each one was not the person who pushed Mr. Y? Because the burden of proof, and I'm not familiar with the case that you're citing and I can't speak to that, but the burden of proof is on the plaintiff and I'm not aware of authority that shifts that burden to the defendant to prove they weren't the individual who committed the excessive force. The burden remains with the plaintiff and this case has decided, this court, excuse me, in 2002 where we had a similar situation where the officers were unidentified and this court held that without the jury's ability to determine which specific officer committed the force, there's no way for the jury to determine whether the force was used, was undertaken in a good faith effort to maintain a restored discipline or was done in a malicious and sadistic way with the intent to cause harm. And that's what happened in this case. That's why it was Combs v. Wilkinson pointed out to the district judge? I didn't hear that. I'm sorry. I mean, if that case is right on point, what did the district judge say about Combs v. Wilkinson? I mean, why, you know, wouldn't that have been a ground for summary judgment? Well, you could argue that, but my argument today is that he disregarded this mandatory authority which says when you can't identify an officer, the plaintiff can't meet his burden of proof because the jury is not given the opportunity to inquire as to that officer's mens rea. Wilson v. Sider says you have to be able to inquire into that mens rea even if you have a constitutionally significant injury, you don't have a constitutional claim if you can't meet that subjective component, which is the mens rea. Thank you, counsel. You have your time for rebuttal. Good afternoon. May it please the court. My name is Ben Winters, and along with Mr. David Cooper, we represent Mr. Todd White, the appellee in this matter. Your honors, there has been no showing whatsoever that there was any kind of abuse of discretion on the part of the district court judge. We know that in a perfect world, we don't want jury verdicts tampered with, but trial court judges not only have the ability, but I think the duty to do so when a jury verdict is unreasonable, meaning that it is against the weight of the evidence. Is there any significant difference in the two trials? Not in my opinion, your honor. I think the judge would have been authorized to overturn the second verdict as well and the third and the fourth and the fifth. And that's a good question. And in fact, Mr. Cooper and I discussed that on the way up here. Fortunately, I think the second jury got it right. But in terms of proof, the trials were not much different at all. There were fewer defendants for sure, but the proof was essentially the same. And when Judge Gilman read from the, Judge Gilman read it correctly, but was the trial court correct when he says the jury's verdict was the plaintiff was not subjected to excessive force? Wasn't the verdict that as to each of the officers, the jury found that under the instructions, it was not more likely than not that this officer did it? The way the jury verdict form read in the first trial, it kind of went defendant by defendant. Do you believe that so and so committed the use of excessive force? It's supposed to be done that way, right? Right. And of course, the jury said no on all of them. But that's where we arrive at this unreasonable verdict. Because what the district court judge did was rely obviously on the undisputed testimony. And the undisputed testimony is this, and the appellant can't dispute this, that Mr. White was fully restrained. In fact, when the cell extraction team came to his cell to have him back up on the door so they could remove items from his cell, he was compliant when they arrived. They still went in, performed the cell extraction after instructing him to go to the back of his cell, kneel down on his knees on the bunk and face the wall, which he did. Everybody testified that was compliant. Cell extraction team went in, they got him down, full restraints, waist, ankles, wrists. We've seen the video. I mean, I'll give you this situation. Yes, sir. Got three people here, but it could have been five or 10 or 20, who were potentially liable, okay? Yes, sir. Let's suppose we've got three officers with a buzzer, and one of them gives a man an electric shock, but nobody has any evidence which one of the three, but you're trying to get individual liability. Can you meet the more likely than not standard? Suppose there's five or 10 or 20. Can you hold each of the 20 individuals liable, rather than holding the prison liable? Can you hold the individual officer? In other words, my example at the extreme is you've got 20 officers, each of whom might have pushed a button and given the man an electric shock unconstitutionally. And we know he was shocked. Can you say the jury's unreasonable if they don't hold any one of the 20 liable? I believe you can, Your Honor. I'm sorry? I think you can. You can find the jury. So all 20 would have been liable, under your view? Well, I just think— Or at least they would have had a chance to go to the second jury, and I think your position has to be that they'd have a chance to go to the third and the fourth and the fifth District Court's ruling, yes, sir. Okay. Well, then how do you get past this Combs v. Wilkinson decision of ours? Your Honor, I think Combs v. Wilkinson is very, very different from this case. In Combs v. Wilkinson, there was basically a prison riot on death row where the inmates had basically seized control of the prison. There were certain inmates who were not taking part in the overrunning of the facility, and so they were basically hiding themselves in their cells. At the same time, there were guards who were breaking windows to those cells from the outside, throwing tear gas in there. This wasn't the same kind of situation as a cell extraction. These were absolutely unknown, unidentified officers from outside the facility throwing tear gas into the cells. And then once they got in and removed these inmates from their cells, they were beating them to a point where two of them in particular lost consciousness. So as in this case, where we know who we're dealing with on the cell extraction team, and we know the three individuals who were closest to Mr. White and had the opportunity to use excessive force, Combs v. Wilkinson, Your Honor, is very, very different from this case because none of those officers were identified at all. It was basically a John Doe situation. But again, like somebody did it. Somebody harmed the plaintiffs, the inmates, and yet they didn't know who, and yet they were trying to hold them all liable, and the court said, no, they granted summary judgment for all of it. Well, they were basically trying to hold it, basically get liability from a respondee of superior theory that we don't know who the officers were, but we know they worked for the prison, and so we're going to get liability from somebody. Does Tennessee have a Tort Claims Act kind of thing where you could go against the prison as being responsible for the, you know, some states and say Federal Tort Claims Act, you could do that? Yes, sir. Tennessee? All right. We can pass that. But let me ask you this then. Suppose the first jury had said, okay, we're going to hold McCall liable. Would you have been able to ask for a new trial against Stewart and Doss? The evidence was just exactly the same. If you were entitled or if it was not an abuse of discretion to bring Stewart and Doss back, why wouldn't it have been just the same if the jury had found a verdict against McCall? Yes, sir. I think if the jury had come out and found one of the individuals, and not all three, in that situation, then I think the district court granting a new trial would be doing pretty much what the appellant claims they've done anyway at this point, and that is judge the credibility, usurp the jury's role, and just interject their own opinion. I don't know if the jury found anybody guilty in that first one if the motion on the new trial would have been ruled the same. But I think that's the difference, is that when there's clearly excessive force, and that is undisputed, to hold nobody liable is what was unreasonable. Maybe the problem here is nobody asked for specific interrogatories to the jury. Maybe it should have been set up, was there excessive force used against Mr. White, yes or no? If they said no, then that'd be the end of it. Maybe he'd grant a new trial based on clear, but if they had said yes, probably they would have said yes. The next question would have been, all right, who done it? Yes, sir. Now, why wasn't it done that way? It's a good question, and I don't know the answer to that, because that was basically what the second trial was about, was who done it. I'm thinking that maybe where the court went wrong is the court concludes the jury's verdict that the plaintiff wasn't subjected to excessive force was against the clear weight of the evidence, but I'm not sure the jury found that, because it was a general verdict just as to each individual defendant. Well, I think the reason that it was against the clear weight of the evidence is because the two defendants, the two appellants, all the way up to the captain and the internal affairs investigator all testified that what happened to Mr. White was excessive force. There was no doubt about that. Why was the verdict improper if the possibility exists or maybe even the probability that the jury simply couldn't identify the wrongdoer, not so much that the verdict was to exonerate the officer's behavior, but there was no way that they could find against any particular officer because of the lack of identification. And if that was what occurred, then the judge's setting aside the verdict would be out of bounds. It may simply have been that not that they didn't think your client's rights were not violated, but simply that they couldn't identify who was the violator. And I understand your point, Your Honor, and I think that even still not being able to determine a clear violator would have been against the weight of the evidence because we have identified the three individuals who could have done it. You just said not being able to identify a clear violator would have been against the weight of the evidence. So you're saying that they had to be able on this evidence to have picked out who? McCall? Wardoss? Because in the end they found all three of them liable, which could be equally odd. One of the three, Your Honor. And I think that's why there was, not to go through the whole spiel, but I think there were really seven possibilities this jury could have come back with. And that was finding each of the three defendants individually liable, some combination of two or the third. Well, but you were the third jury, the second jury, but you or your predecessor wanted to find these other guys liable, which the judge didn't seem to let him go forward. Let me ask you this. Were the instructions essentially the same at the two trials? The instructions were essentially the same. The jury verdict form is a little bit different. With regard to McCall, your adversary just didn't seem to have any idea what happened to him. I had the idea, am I wrong, that he was ultimately dismissed in some way, possibly by settlement, but am I wrong that that's not? He was actively paying on his portion of the judgment. And he was unrepresented through both trials. If I could mention one thing, too, regarding the mens rea, I'm sorry, Your Honor. I was going to ask about McCall. Regarding the mens rea that's been made an issue here and the fact that we couldn't, or the plaintiff in this matter couldn't have established that excessive force actually took place because we can't satisfy the mens rea aspect of it, like Ms. Brenner said, when we're talking about excessive force, the essential inquiry is whether or not that force was used to restore some order of discipline or was maliciously and sadistically used to inflict pain, to cause harm. And the courts use a test to determine that, a number of different factors, which include the level of the threat posed, the amount of force used to alleviate that threat, the threat that that may pose to other inmates, other guards, other prison officials. And I think the fact that it is undisputed that Mr. White was totally compliant, not being resistant, and in full restraints, that alleviates any threat. There was no threat. And so that inquiry about whether or not that force was appropriate stops right there because there really was no threat. And I think you can, we can infer the mens rea of these officers by the fact that they inflicted this pain and shoved Mr. White's head into a wall when he was totally restrained and not posing any kind of threat. So I think the mens rea aspect can certainly be inferred from that. Well, in general it can, but can it be inferred as to the one who didn't push him? Would you concede that only one of them pushed him? No sir. No sir, I wouldn't. What I would concede is that if it was Mr. McCall, then it was probably just him. If it was Mr. Doss or Mr. Stewart, it could have been one of them, it could have been both of them together. It would have been likely to be what the jury found, which was all three of them. Unless this court has any other questions for me, I'll do what most of my CLEs have said. Even though you've got time remaining, sit down. Quite truthful. Good job. Perhaps, ma'am, you could tell us, no you're fine, your adversary said that McCall was unrepresented throughout. Now, you're from the Tennessee AG. Is there any reason you guys didn't represent McCall? Yes. Okay. If it's not in the record, it sounds like it's not in the record. We declined to represent him, and he had the option of hiring private counsel. Don't have to go beyond that, as long as that's on the record and we know the story, okay? I've got a lot to cover. Isn't your best argument simply that the verdict is consistent with the jury not being able to determine by preponderance of the evidence the identity of the culprit here, and based on that, it was proper not to find against anyone? Isn't that really your best argument? That is, Your Honor, my best argument. That's why maybe it feels like I'm beating a dead horse, but you have to meet the elements. You have to satisfy the objective and subjective components, and the jury wasn't given that opportunity without a particular defendant to inquire into their mind. That's why the judge abused his discretion. He went from, well, there's an injury, there must have been a constitutional violation. That's where I think he abused his discretion. There was a violation. There's no question about that. It's just that it's impossible to identify who was the perpetrator of the violation. Your Honor, there was an injury. I would respectfully submit that that's different than a violation, without knowing what was in that officer's mind when he either pushed him . . . It wasn't more than an injury. There was excessive force. If Mr. White was shackled and handcuffed and compliant and then was shoved into a wall, that's excessive force. Your Honor, I would disagree with that assessment. I know Mr. Winter said that they all agreed, everybody agreed that there was excessive force, but they're laypeople, and they don't know what the legal requirement is in order to prove a case of excessive force under the Eighth Amendment. But just because there's an injury, and I go back to the Wilson v. Sider, objectively serious injuries suffered by prisoners without the requisite mens rea will not comprise a constitutional injury. And I would submit, yes, the plaintiff was injured, but the plaintiff did not meet his excessive force in violation of the Eighth Amendment. Because he can't identify precisely who did it. That's correct. And like this court held in Combs, without identifying an officer, you can't establish that mens rea component. Your Honor, as my time is about to expire, I would respectfully ask that this court vacate the district court judge's order granting a new trial and reinstate the first jury's verdict. Thank you so much. Thank you, counsel. That case will be submitted. The remaining cases will